BOYER, Judge
(dissenting).
I respectfully dissent. A ruling of a trial judge comes to us with a presumption of correctness. The law is so well settled as to render superfluous the citation of authorities that a ruling or order of a trial judge will be sustained if there is a legal basis for such ruling or order, notwithstanding that there may have also been some basis for a contrary ruling. In other words, if under particular circumstances, a given piece of evidence may be admitted under one theory or rejected under another a trial court should not be reversed for admitting the evidence.
In the case sub judice the appellant well knew that the testimony of its own engineer was crucial. Nevertheless appellant saw fit to keep its engineer in North Carolina while the trial was being conducted in Florida. It was appellant, not appellee, who adduced the testimony of the engineer *90 by putting into evidence his deposition which had been taken by the appellee.
The testimony of the appellee which is quoted in the majority opinion, being the testimony giving rise to this appeal, clearly shows animus. Note appellee’s quote of Perguson’s statement:
“My conscience has been bothering me, because I told three or four lies.”
******
“Yes, he stated that they had just kept after him until he told them what thejr wanted to hear.”
What, one would ask rhetorically, could be a stronger showing of motive, interest and bias? The statements are only incidentally impeaching. In my opinion the testimony complained of was admissible under Alford v. State and Davis v. Ivey, both cited in the majority opinion. I would hold that the trial court properly relied upon those cases and properly admitted the testimony without predicate by prior cross examination of engineer Pergu-son, safely stashed away in North Carolina.
I would affirm.